UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDDLEBELT PLYMOUTH VENTURE,
LLC, a Michigan limited liability company,

    Plaintiff,

v.

MOE'S SOUTHWEST GRILL, LLC, a
Georgia limited liability company; S & Q
RIB SHACK, LLC, a Georgia limited
liability company; and RAVING BRANDS
HOLDINGS, INC., a Georgia Corporation

    Defendants,

_____/

Case No. 07-12190

Hon. John Corbett O'Meara

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff's Motion for Summary Judgment, filed on March 10, 2008. The matter is fully briefed, and the court heard oral argument on May 22, 2008. The thrust of Plaintiff's argument is that it is entitled to summary judgment because Defendants repudiated[1] lease agreements to operate restaurants in designated spaces at the Wonderland Village Shopping Center (Wonderland) in Livonia, Michigan.

Plaintiff relies mainly on a February 26, 2007 letter written to it by Darin Kraetsch.[2] Kraetsch stated the following:

---

[1] The doctrine of repudiation is also known as anticipatory breach, which is the term used by Plaintiff. For the purpose of this opinion, the terms are interchangeable.

[2] Kraetsch was a signator for the Defendants and acted on their behalf throughout the course of Defendants' relationship with Plaintiff.

> "[p]lease be advised that based on current market conditions the decision has been made not to move forward on the Shane's Rib Shack or Moe's Southwest Grill units at the Wonderland location. We would like to discuss an opportunity to terminate these leases or move to sublease the space. I very much appreciate all that you have done to help us with these leases and will do whatever I can to help to make this process as painless as possible."

Aside from the letter, Plaintiff also presents to this court the affidavit of the General Counsel for its property management firm. The affidavit states that Defendants never gave Plaintiff an adequate assurance that they would fulfill their leases and that Kraetsch in a conversation stated in unequivocal terms that the Defendants did not intend to open and operate restaurants at the Wonderland location.

"Under the doctrine of anticipatory breach, if a party to a contract, prior to the time of performance, unequivocally declares the intent not to perform, the innocent party has the option to either sue immediately for the breach of contract or wait until the time of performance." In determining whether an anticipatory breach has occurred, it is the party's intention manifested by acts and words that is controlling, and not any secret intention that may be held. Paul v. Bogle, 193 Mich. App. 479, 493-94 (1992). For there to be an oral repudiation, "a party's language must be sufficiently positive to be reasonably interpreted to mean that the party will not or cannot perform." For there to be a repudiation by act, "a party's act must be both voluntary and affirmative, and must make it actually or apparently impossible for him to perform." Paul, 193 Mich. App. at 494.

According to the evidence presented to this court, I cannot find an unequivocal action or statement that repudiates the leases at issue in this case. First, the Kraetsch statement is not an unequivocal statement of repudiation. Although the letter cites market conditions as a reason for not opening restaurants at the Wonderland location, the letter asks to renegotiate the leases; it

does not say Defendants will not fulfill the terms of the leases. Second, subsequent letters clearly state Defendants' intent to fulfill the terms of their leases. On March 19, 2007 and April 26, 2007, attorneys for Defendants specifically state that the Defendants did not intend to default on their leases and that they fully intended to perform under their leases. As this court looks at the evidence in the light most favorable to the non-moving party, see Fed. R. Civ. P. 56(c); Bouggess v. Mattingley, 482 F.3d 886, 888 (6th Cir 2007), it is clear that there is at least a genuine issue of material fact over whether Defendants unequivocally stated that they would not fulfill the terms of their leases, see Fed. R. Civ. P. 56(c).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment, filed on March 10, 2008, is DENIED.

        s/John Corbett O'Meara
        United States District Judge

Date: May 23, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 23, 2008, by electronic and/or ordinary mail.


        sWilliam Barkholz
        Case Manager