UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDDLEBELT PLYMOUTH VENTURE, LLC,
a Michigan limited liability company,

    Plaintiff,

v.

                                      Case No. 07-12190

                                      Hon. John Corbett O'Meara

MOE'S SOUTHWEST GRILL, LLC,
a Georgia limited liability company, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff's motion for summary judgment following remand, filed September 9, 2011. Defendants[1] filed a response on September 30, 2011; Plaintiff submitted a reply brief on October 14, 2011. The court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff's complaint alleged that Defendants breached a lease agreement. Plaintiff contended that it was owed $476,915 plus attorney fees. Prior to trial, the parties entered into a settlement, in which Defendants agreed to pay $300,000 in thirteen monthly installments. See Settlement Agreement. The Agreement provided that payments were due on the first of the month, and that if payment was not timely received, Defendants had ten days "to cure by tendering the missed payment." Agreement at D.2.

---

[1] Defendant The S & Q Shack, LLC, is in bankruptcy and this matter is stayed as to it. "Defendants" refers to Moe's Southwest Grill, LLC, and Raving Brands Holdings, Inc.

The Agreement also provided at if Defendants failed to "timely cure any late payment," then Plaintiff shall be entitled to the entry of a consent judgment in the amount of $400,000, less any payments received. Agreement at D.3. The Agreement provided:

> Defendants acknowledge that Landlord presented claims in the Lawsuit of $476,915, plus attorney fees incurred by Landlord, acknowledge that Landlord's ability to obtain entry of the Consent Judgment in the event of Defendants' failure to comply with the Payment Plan is essential consideration relied upon by Landlord in agreeing to the other terms of this Agreement, and **Defendants absolutely, unconditionally and irrevocably waive any defense to entry of the Consent Judgment or right to appeal the entry of the Consent Judgment EXCEPT to the extent that (a) Defendants establish actual payment of each payment due pursuant to the Payment Plan either timely or within the applicable cure period to the extent that notice was received or (b) that Landlord failed to tender necessary notice as required to trigger the applicable cure period.**

Id. (emphasis added).

Defendants apparently made several late payments under the Agreement, but cured during the ten-day cure period. Defendants failed to timely tender the twelfth payment (of thirteen) on October 1, 2009. On October 2, 2009, Plaintiff notified Defendants of the missed payment. Under the Agreement, Defendants had until October 12, 2009, to cure. Indeed, Plaintiff informed them in the default notice that "the cure period shall expire on October 12, 2009."

Having not received the twelfth payment by October 12, 2009, Plaintiff filed a motion to enter the consent judgment on October 13, 2009. Also on October 13, Defendants submitted their twelfth payment by overnight mail (Federal Express). Plaintiff received the payment on October 14 and accepted it. Defendants also timely submitted the thirteenth and last payment on November 1, 2009.

At the time the court reviewed the motion to enter the consent judgment, Defendants had made all payments under the Agreement, although the twelfth payment was one day late. Under the circumstances, the court declined to enter the consent judgment finding that Defendants had substantially complied with the Agreement. Plaintiff appealed, and the Sixth Circuit reversed, finding that Defendants did not substantially comply with the Agreement, because time was of the essence. The court remanded for consideration of two defenses: "One is whether the tenants in fact missed the deadline, given that the tenth day was a holiday, Columbus Day, and given the traditional rules for counting days in the federal civil rules as well as under Mich. Comp. Laws § 435.101. The other is whether a $100,000 penalty for failing to cure a late payment within ten days amounts to an unreasonable penalty, one that Michigan law makes unenforceable. We entrust both issues to the good hands of the district court for resolution in the first instance."

## LAW AND ANALYSIS

Plaintiff has moved for summary judgment and for entry of the consent judgment. Under Michigan law, "the main goal in the interpretation of contracts is to honor the intent of the parties." Mahnick v. Bell Co., 256 Mich. App. 154, 158-59, 662 N.W.2d 830 (2003).

> The court must look for the intent of the parties in the words used in the contract itself. When contract language is clear, unambiguous, and has a definite meaning, courts do not have the ability to write a different contract for the parties, or to consider extrinsic testimony to determine the parties' intent. The determination of whether contract language is clear and unambiguous is a question of law. If a contract is subject to two interpretations, factual development is necessary to determine the intent of the parties and summary disposition is inappropriate. When contractual language is clear, its construction is a question of law for the courts. Courts must not create ambiguity where it does not exist. If the meaning of the language is unclear, the trier of fact must determine the intent of the parties.

Id. (citations omitted).

The first question presented is whether Defendants tendered payment within the cure period. The cure period ended on October 12, 2009, which was Columbus Day. Defendants suggest that, because of the holiday, the cure period should have been extended to October 13, 2009. In support, Defendants cite to Fed. R. Civ. P. 6 (computing time) and M.C.L. § 435.101. Rule 6, by its terms, applies to "computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). It does not apply to settlement agreements between private parties; more important, the Agreement here does not state that it does. There is no indication in the Agreement that the ten-day cure period referred to anything other than calendar days.

M.C.L. § 435.101 establishes public holidays for banks and courts. It provides that certain holidays, including Columbus Day, "for all purposes regarding the presenting of payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks, and promissory notes, also for the holding of courts, except as otherwise provided in this act, shall be treated and considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays. Bills, checks and notes otherwise presentable for acceptance of payment on these days shall be considered as payable and presentable for acceptance or payment on the next secular or business day following the holiday or half holiday. . . ." Id. Defendants suggest that this statute serves to extend the cure period.

Defendants' argument is not supported by the case law, however. See Lefko Group v. Gonzalez, 1999 WL 33455088 (Mich. App. Jan. 19, 1999) (finding that "payments required by the settlement agreement do not fall under M.C.L. 435.101"); Iron Workers Local No. 25 Pension Fund

v. McGuire Steel Erection, Inc., 352 F. Supp.2d 794, 802 (E.D. Mich. 2004) (Zatkoff, J.) (finding that "although statutes or court rules may extend certain dates that fall on legal holidays or weekends to the following business day, that same extension cannot be read into an unambiguous private contract"); Swiss Bank Corp. v. Dresser Indus., 141 F.3d 689, 693 (7th Cir. 1998) ("In an age of rampant interstate and international commerce . . . it would inject substantial and gratuitous uncertainty into the performance of contracts to read into every contract that had a deadline an exception for legal holidays.").

In Lefko, the court found that a payment that was due Saturday, February 1, was not timely when submitted on the next business day, Monday, February 3. The court specifically found that M.C.L. 435.101 did not extend the due date. Indeed, there is no basis in this case to read extensions or exceptions to the ten-day cure period into the parties' unambiguous agreement. The last day of the cure period was October 12, 2009, and Defendants admittedly did not tender payment until they sent a check by Federal Express on October 13, 2009. The Sixth Circuit has already determined that time was of the essence; accordingly, Defendants did not comply with the terms of the settlement agreement.

The agreement provides that Plaintiff is entitled to entry of the consent judgment, which calls for an additional $100,000 payment over and above the $300,000 Defendants would have paid if all of their payments had been timely. Defendants argue that the $100,000 is an unenforceable penalty. Defendants expressly waived this argument, however, in the settlement agreement by stating: "Defendants absolutely, unconditionally and irrevocably waive any defense to entry of the Consent Judgment or right to appeal the entry of the Consent Judgment [except to the extent Defendants may argue that payment was timely]." Agreement at D.3. Defendants have not cited case law suggesting

that the court can ignore this express and unambiguous waiver.

Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED. Plaintiff shall submit a proposed judgment to the court within ten days of the date of this order.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  November 1, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 1, 2011, using the ECF system.

                                                s/William Barkholz
                                                Case Manager